IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


TIMOTHY EDWARD WHITE
a/k/a KEVIN SHANNON,
          Plaintiff,

vs.                                                   Case No.:  3:05cv171/RV/EMT

OKALOOSA BOARD OF COUNTY
COMMISSIONERS, et al.,
          Defendants.

_____/


**ORDER AND**
**REPORT AND RECOMMENDATION**

          Plaintiff, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc 1).  Plaintiff did not pay the filing fee or submit a motion to proceed in forma pauperis at the time of filing of the complaint; however, he has now submitted a motion to proceed in forma pauperis (Doc. 10).

          Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions if three or more of his prior suits have been dismissed as frivolous or malicious or for failure to state a claim.  Pursuant to Plaintiff's own admission on the complaint form, he has had actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service, however, when asked to identify each case so dismissed, Plaintiff stated, "Information unavailable due to theft of irreplaceable legal paper and denial of legal access" (Doc. 1 at 6).  According to the docket of the Northern District of Florida, two of Plaintiff's cases filed in this Court have been dismissed for failure to state a claim: White v. Ivey, et al., Case No: TCA 94-40387-WS and White v. Rigsby, et al., Case No. TCA 94-40408-WS.  In addition, the appeal to the Eleventh Circuit of

Case No. TCA 94-40387-WS (appellate Case No. 96-3029) was dismissed as frivolous, and White v. McMillan, Case No. 3:93cv1306, filed in the Middle District of Florida, was dismissed for abuse of the judicial process.  Under section 1915(g), these four cases are counted as strikes.  Plaintiff is therefore no longer entitled to proceed in forma pauperis, and he must pay the $250.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915.

In this case, Plaintiff alleges inmates at the Okaloosa County Jail are exposed to dangerous amounts of carbon monoxide from the Jail's generators.  Additionally, he alleges Jail officials denied him medication for sinus and lower back conditions.  Plaintiff also alleges Jail officials denied him access to envelopes and photocopying services.  However, the documents filed by Plaintiff indicate he was transferred to another institution before or shortly after filing the complaint in this action.[1]  Thus, Plaintiff has failed to show he is under "imminent danger of serious physical injury" such that he would be entitled to proceed in forma pauperis in this case.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 10) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's case be **DISMISSED** without prejudice to its refiling accompanied by full payment of the $250.00 filing fee.

At Pensacola, Florida, this 7th day of July, 2005.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]The complaint was filed on May 6, 2005 (see Doc. 1 at 8), and Plaintiff notified the court that he was transferred to an Alabama state prison effective May 2, 2005 (see Doc. 6).

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).